Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50068 | **DATE** | 11/22/2004 |
| **CASE TITLE** | Crane vs. Bryant | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies the petition for habeas corpus, denies the request for an evidentiary hearing, and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 11-23-04 date docketed | |
| | Notified counsel by telephone. | | | 21 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 11-22-04 date mailed notice | |
| ✓ | Copy to judge/magistrate judge. | | | |
| LC courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Petitioner, David Crane, filed a petition pursuant to 28 U.S.C. § 2254, seeking to challenge his state- court conviction for murder and raising the following issues: (1) he was not proved guilty beyond a reasonable doubt; (2) he is being held in violation of the Thirteenth Amendment because there was insufficient evidence to convict him; (3) he was not proved guilty beyond a reasonable doubt of having the requisite mental state for murder; (4) he was tried a third time in violation of double jeopardy principles because the jury at his second trial impliedly acquitted him; (5) the trial court in his second trial improperly denied him an evidentiary hearing as to whether the jury actually acquitted him of Counts I and II; (6) he was denied his right against double jeopardy because the trial judge at his first trial commented at sentencing that it seemed possible and probable that petitioner believed the victim was dead when he set fire to him; (7) he was denied his Sixth Amendment and double jeopardy rights because the only charge at his third trial was constructively amended to intentional murder; (8) the trial court improperly instructed the jury such that it was allowed to convict him of murder by combining the mental state he had related to beating the victim with the act of burning the victim; (9) that certain arguments by the prosecutor were improper and prejudicial; and (10) that his third trial violated double jeopardy because the trial judge at sentencing after his first trial acquitted him of the offense of murder plus the aggravating factor of brutal and heinous behavior.

Under the Antiterrorism and Effective Death Penalty Act of 1996, which undisputedly applies to this case, habeas relief is available only if the petitioner demonstrates that the state court's adjudication of his federal constitutional claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented. Martin v. Evans, 384 F. 3d 848, 851 (7th Cir. 2004).

In the present case, the Illinois Appellate Court issued a thorough and thoughtful opinion addressing nearly all of the issues raised by petitioner in his present habeas corpus petition. See People v. Crane, 308 Ill. App. 3d 675, 721 N.E. 2d 657 (1999). Respondent contends that only one of these issues was procedurally defaulted for not having been raised properly before the appellate court, a matter this court will address later in this order.

Petitioner has been tried and convicted three times for the incident at issue. His first conviction was reversed and remanded because the trial court failed to give a mistake- of- fact instruction. See People v. Crane, 145 Ill. 2d 520, 585 N.E. 2d 99 (1991). In his second trial, petitioner was tried on four counts of murder, all based on his acts of beating and burning the victim. The counts were: that he intended to kill the victim(Count I), that he intended to do great bodily harm to the victim(Count II), that he knew his acts created a strong probability of causing the victim's death(Count III), and that he knew his acts created a strong probability of causing great bodily harm to the victim(Count IV). Petitioner was found guilty of Count III, but his conviction was reversed and the case remanded for a new trial because the trial court failed to give an aggravated battery instruction. See People v. Crane, No. 2-94-0692, 279 Ill. App. 3d 1106, 701 N.E. 2d 569 (unpublished order under Supreme Court Rule 23) (1996). In his third trial, it was charged only that petitioner knew that his acts (beating and burning) created a strong probability of causing death. Petitioner was convicted a third time.

The facts as set forth in the appellate court opinion are presumed correct absent a clear and convincing showing to the contrary. Pitsonbarger v. Gramley, 141 F. 3d 723, 34 (7th Cir. 1998). According to the appellate court, petitioner was charged in his third trial with murder based on his having both beaten and burned the victim. The only expert regarding this issue, a forensic pathologist offered by the state, testified that there was evidence that the victim did not die from the beating and that the ultimate cause of death was from burning. Petitioner's defense was essentially based on his claim that the victim was already dead, not from the beating but from an unproved caused such as heart failure, and that when he poured gasoline on, and set fire to the victim, his intent was not to harm the victim but merely to conceal the evidence.

This court need not elaborate on any of the issues raised by petitioner (with some minor exceptions) as the appellate court's analysis and conclusions pertaining to the issues presented there were neither contrary to, nor involved an unreasonable application of, clearly established Supreme Court precedent. This court finds no sufficient error in the appellate court's conclusions that there was sufficient evidence to convict petitioner (also precludes his present Thirteenth Amendment claim on the merits even though it is arguably defaulted), that petitioner was not subject to double jeopardy in any respect ( including any comments by the judge at sentencing which can in no way be considered acquittals), that petitioner was not improperly denied an evidentiary hearing related to the jury verdict, that the jury was not instructed improperly regarding his mental state related to the beating and the physical act of burning as the cause of death, and that the prosecutor's comments during closing argument were not sufficiently prejudicial to have denied petitioner a fair trial.

That leaves the issue of whether petitioner was convicted via an improperly amended charge. Respondent contends this issue was procedurally defaulted because petitioner did not raise it until his petition for rehearing before the appellate court. Procedural default aside, this claim is devoid of merit. There is no support in fact or law for petitioner's contention that the charge of murder based on his knowing there was a strong probability that beating and burning the victim would cause death was constructively amended to intent to kill. The evidence at trial did not inevitably dictate such a conclusion by the jury. This claim provides no basis for habeas corpus relief.

For the foregoing reasons, the court denies the petition for habeas corpus in its entirety as well as the request for an evidentiary hearing.